McFarland, J.,
delivered the opinion of the court:
This hill was filed 16th of January, 1874, charging, in substance, that complainant previously, on the 11th of October, 1866, filed his bill against the present defendant, the corporation called “The President, Trustees, etc., of the Nashville Female Academy,” and the trustees individually. This bill was answered and a cross-bill was filed and answered, also a supplemental bill, etc. Proof was taken and the cause submitted to the arbitrament of Hon. E. H. Ewing, before whom it was argued; and on the 30th of December, 1868, said arbitrator delivered his opinion in writing in the presence of the counsel on both sides and the complainant himself, and handed his opinion to the counsel of defendants, to prepare the award and decree, which was done; and the award and decree was brought in, to which the complainant excepted; but the decree based upon the award was entered 20th of May, 1869, and the complainant appealed to the supreme court, where the cause was pending when the present bill was filed, which purports to c-xhibit as part of itself a transcript of the record of said former cause from the supreme court. The bill charges that the record of the former cause in the supreme court does not contain all the evidence and proceedings had before the arbitrator.
*233 Tliat is the written opinion of the arbitrator, a petition to rehear and refusal in writing, and the record books of the Nashville I emale Academy were not made part of the record. This omission was in consequence of the fact that complainant, owing to his impoverished condition, was unable to secure the payment of fees to his counsel, and unable to procure that assistance further; and was himself not sufficiently learned in the law to properly present his case. The object of this bill is to¡ set aside the award of the arbitrator and the decree-based thereon.
No fraud is charged in procuring the award and decree, no misconduct upon the part of the arbitrator — that is, in the language of the bill, no actual misconduct, but mistakes, irregularities and legal misconduct are charged, which from the entire bill, we understood to mean that the arbitrator committed errors of law, which the complainant' proposes by his bill to show, and of those parts of the record above referred to, which were omitted from the record in the f ormer cause in the supreme court.
The bill further charges that the arbitrator acted under a total misapprehension of the law of the case and a total misconception of the facts.
He undertakes to show this, by setting forth, at length, the merits of his original case, and the misconception of the facts and mistake of law on the part of the arbitrator, as we understand, is to be found only in his general conclusion that the complainant was entitled to no relief.
Elsewhere the bill complains that the arbitrator erred in assuming that it was his duty to decide the case according to strict law, when, it was the intention of the parties that the cause should be decided upon the principles of natural justice and good conscience. The bill sets forth certain irregularities:
1. That the written opinion of the arbitrator was not filed or made part of the record.
2. The award was written by counsel, and was not delivered in person by the arbitrator.
*234 3. The submission -was revoked after the decision, but before the decree was entered.
4. The word stockholders was stricken out of the agreement of submission without Ms consent.
5 One of the attorneys of defendant entered in the agreement the words: “The decree thus made is to be final, the parties agreeing not to appeal or sue out writs of error.” This was done in the presence of complainant, and was read to the arbitrator in such a way as to make it appear that this was agreed to by complainant by advice of counsel, which was not true. In other words, as we understand, he had signed the agreement by advice of his counsel in the first instance, but had not agreed to this interlineation by advice of counsel.
0. The submission was not signed by the proper officer of the corporation, but only by solicitors, and there was no resolution of the board authorizing the submission to the person named as arbitrator, or authorizing the attorney to make the submission with an agreement not to' appeal.
We are of opinion that irregularities of this character, if available at any time, would certainly have to be taken advantage of before a decree be entered upon the award. They certainly do not constitute grounds for filing a new bill after the award has been made the judgment or decree of the court, without objection on any of these grounds being taken, in the absence of fraud or accident or mistake; and the failure of the complainant’s attorneys to continue to render their assistance in making these objections, will not be ground for our entertaining a new bill for the purpose of setting up these new irregularities. Even if, at any time, the objections would have been of any force, as they probably would have not, it is clear the submission could not bo revoked after the decision. Oode, 3439 [Shannon’s Code, sec. 5195], and the other objections are even less tenable.
Upon review of the case., we see no ground for relief of complainant. The award was made the decree of the *235 court; tire complainant appealed, but say certain papers should have been made part of the record, which were not, and for this files the present bill to bring up again the question whether the award should be made the judgment or decree of the court. ' Want of diligence, care and attention by a party, or the attorney in the management of his cause, cannot give him the right to another trial in a new suit to cure these omissions, in the absence of fraud. Supplemental bills, we think, have not the scope.
But waiving this question, if the complainant had in the record in the former case the papers now brought forward, we do not see that they would have been of any service ■to him. ’
His cause was submitted to' an able, learned and experienced lawyer, was fully argued before him, was elaborately considered as his written opinion shows; the decision of the law and facts was left to him, and no such mistake is manifest as would authorize a court to set it aside, eveir if this could be good ground for setting it aside..
On ihe contrary, if called upon to review his decision upon direct appeal, we would affirm it. As said by the arbitrator, the complainant has suffered great losses, but they are losses which the law throws upon him.
He has had a fair trial by a tribunal of his own choice, and must abide the result. The decree sustaining a demurrer to the bill must be affirmed.